# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DISTRICT

| | |
|---|---|
| **CHAD KNECHT,** on behalf of himself and others similarly situated, : | |
| : | CASE NO. 2:20-cv-3899 |
| **Plaintiff**, : | |
| : | JUDGE |
| vs. : | |
| : | MAGISTRATE JUDGE |
| **C&W FACILITY SERVICES INC.,** : | |
| c/o CT Corporation System : | **JURY DEMAND ENDORSED HEREON** |
| 4400 Easton Commons Way, Suite 125 : | |
| Columbus, OH 43219 : | |
| : | |
| **Defendant**. : | |

## PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Plaintiff Chad Knecht ("Named Plaintiff" or "Plaintiff" or "Knecht"), individually and on behalf of others similarly situated, files his Complaint against Defendant C&W Facility Services Inc. ("Defendant" or "C&W"), for Defendant's failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03 and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b).  The Ohio Acts claims are brought as a class action pursuant to Rule 23. The following allegations are based on personal knowledge as to the Plaintiff's own conduct and are made on information and belief as to the acts of others. Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I.     JURISDICTION AND VENUE

1.       This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. §1331.

2.       This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Amended Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3.       Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendant employed Plaintiff and others similarly situated in the Southern District of Ohio, a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Ohio, and Defendant conducts substantial business in the Southern District of Ohio.

## II.     PARTIES

### A.  Plaintiff

4.       Named Plaintiff is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

5.       Named Plaintiff was employed by Defendant beginning in 2016 until 2018 as an hourly, non-exempt employee of Defendant as defined in the FLSA and the Ohio Acts. Specifically, Named Plaintiff was employed as an hourly Maintenance Technician at Defendant's operations located in Etna, Ohio.  Thereafter, Named Plaintiff was promoted to a salary, Assistant Maintenance Manager and remained working in that capacity until 2020.

6.       During relevant times, Named Plaintiff worked forty or more hours per workweek.

7.       During Named Plaintiff's employment with Defendant, Defendant automatically deducted 30 minutes from Named Plaintiff's and other similarly situated employees' daily hours worked for a meal break despite Named Plaintiff and other similarly situated employees not taking

a meal break or the meal break being interrupted by having to perform work duties. This resulted in Named Plaintiff and other similarly situated employees not being fully and properly paid for all of their hours worked in violation of the FLSA and the Ohio Acts

8.      Named Plaintiff brings this action on behalf of himself and those similarly situated and has given his written consent to bring this action to collect unpaid overtime compensation under the FLSA. Plaintiff's consent is being filed along with this Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A).**

**B.  Defendant**

9.      Defendant is a foreign corporation that operates and conducts substantial business activities throughout Ohio, including in the Southern District of Ohio, and throughout the United States. Defendant provides facility maintenance, cleaning, and related services for businesses and organizations throughout the Unites States.

10.     At all relevant times, Defendant has had direct or indirect control and authority over Named Plaintiff and other similarly situated employees' working conditions.  At all relevant times, Defendant exercised that authority and control over Named Plaintiff and other similarly situated employees.

11.     At all relevant times, Defendant has had direct or indirect control and authority over matters governing the essential terms and conditions of employment for Named Plaintiff and other similarly situated employees at the facilities where Defendant operated and Named Plaintiff and other similarly situated employees worked.  At all relevant times, Defendant exercised that authority and control over Named Plaintiff and other similarly situated employees.

12.      At all relevant times, Defendant has had the authority to hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain employee records.

13. Upon information and belief, Defendant applies or causes to be applied substantially the same employment policies, practices, and procedures to all employees at all of its locations, including policies, practices and procedures relating to the payment of wages, overtime, and timekeeping.

14.      At all relevant times, Defendant suffered or permitted Named Plaintiff and other similarly situated employees to work. The work that Named Plaintiff and other similarly situated employees performed was for Defendant's benefit.

15.      Defendant operates as an "employer" of Named Plaintiff and other similarly situated hourly employees for the purposes of the FLSA and the Ohio Acts. Defendant is a single integrated enterprise and/or an employer of Named Plaintiff and all other similarly situated employees.

16.      Defendant operates and controls and enterprises and employs employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

17.      At all times relevant hereto, Defendant was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

### III.    FACTS

18.    During all times relevant, Named Plaintiff and Defendant's other similarly situated employees are hourly, non-exempt employees that are entitled to overtime.

19.    Defendant has a companywide policy of automatically deducting 30 minutes of time from its hourly, non-exempt employees' daily hours worked for meal breaks that were not taken at all, or that were only partially taken.

20.    Named Plaintiff and those similarly situated were oftentimes unable to take a meal break or were otherwise not able to take a full, uninterrupted 30-minute meal break due to Defendant requiring them to continue work duties.

21.    For example, Named Plaintiff and other similarly situated employees were required to prioritize repairing machinery and equipment over taking their meal breaks. Consequently, Named Plaintiff and other similarly situated employees often were unable to take any meal break or their meal break was otherwise interrupted to repair machinery and equipment. The inability to take any meal break occurred more frequently during the busy season.

22.    Defendant did not have a process and/or procedure for Named Plaintiff and those similarly situated to report their missed meal break for Defendant to override the automatic meal deduction.

23.    As a result of Defendant's companywide policy to automatically deduct 30 minutes from its hourly, non-exempt employees' time for meal breaks that were not taken at all or that were interrupted by work duties, Defendant knew or had reason to know it was not compensating Named Plaintiff and other similarly situated employees for all hours worked.

24.    Named Plaintiff and other similarly situated employees regularly worked more than 40 hours per week, or they would have worked more than 40 hours per week if their hours were

not reduced by the applied meal deduction, but they were not paid one and one-half times their regular rate of pay for all of hours worked over 40 as a result of Defendant's deduction of 30 minutes for meal breaks that were not taken or that were interrupted.

25.     Defendant's failure to compensate Named Plaintiff and other similarly situated employees as set forth above resulted in unpaid overtime.

26.     At all times relevant herein, Named Plaintiff and other similarly situated employees were employees as defined in the FLSA, the Ohio Acts, and Ohio Constitution Art. 2 §34a.

27.     Defendant is and has been an "employer" as that term is defined by the FLSA, the Ohio Acts, and Ohio Constitution Art. 2 §34a.

28.     During relevant times, Defendant suffered or permitted Named Plaintiff and those similarly situated to work more than forty (40) hours per workweek, while not compensating them for all such hours worked over forty (40) at a rate of at least one and one-half times their regular rates of pay as a result of Defendant's company-wide policies or practices described above that affect Plaintiff and all other similarly situated employees.

29.     Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and hour laws of the United States and of the State of Ohio.

30.     During relevant times, Defendant had knowledge of and acted willfully regarding its conduct described herein.

31.     Defendant is in possession and control of necessary documents and information from which Named Plaintiff would be able to calculate damages and/or it otherwise failed to keep such records.

## IV.    FLSA COLLECTIVE ALLEGATIONS

32.    Named Plaintiff brings his FLSA claims pursuant to 29 U.S.C. §216(b) as a representative action on behalf of himself and all other similarly situated employees of the opt-in class. The FLSA collective consists of the following:

> All current and former hourly, non-exempt maintenance employees of Defendant who worked over 40 hours in any workweek and were subject to Defendant's meal deduction policy during the three years preceding the filing of this Complaint and continuing through the final disposition of this case ("FLSA Collective" or "FLSA Collective Members").

33.    Named Plaintiff and putative FLSA Collective Members were all subject to the same policies or practices described above which resulted in unpaid overtime.

34.    During some or all of the last three years, Defendant did not compensate Named Plaintiff and the putative FLSA Collective Members for time spent performing substantial duties for Defendant's benefit.

## V.    RULE 23 ALLEGATIONS

35.    Named Plaintiff brings his Ohio Wage Act claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of himself and all other members of the following class:

> All Ohio current and former hourly, non-exempt maintenance employees of Defendant who worked over 40 hours in any workweek and were subject to Defendant's meal deduction policy during the two years preceding the filing of this Complaint and continuing through the final disposition of this case ("Ohio Rule 23 Class" or "Ohio Rule 23 Class Members").

36.    The Ohio Rule 23 Class includes all current or former hourly, non-exempt employees employed by Defendant throughout the State of Ohio as defined above.

37.    The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

38.     Named Plaintiff is a member of the Ohio Rule 23 Class and his claim for unpaid wages is typical of the claims of other members of the Ohio Rule 23 Class.

39.     Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

40.     Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the Rule 23 Class that he has undertaken to represent.

41.     Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

42.     Questions of law and fact are common to the Ohio Rule 23 Class.

43.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to their non-exempt employees.

44.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Rule 23 Class as a whole.

45.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

46.     Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class for hours worked in excess of forty hours per week because of the meal break

deductions; (b) whether Defendant kept accurate records of the amount of time the Ohio Rule 23 Class was working each day; (c) whether Defendant's violations of the Ohio Wage Act were knowing and willful; (d) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendant's violations of the Ohio Acts; and (e) what amount of prejudgment interest is due to Ohio Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

47.     A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate its rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

### VI.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

48.     All of the preceding paragraphs are realleged as if fully rewritten herein.

49.     This claim is brought as part of a collective action by Named Plaintiff on behalf of himself and the FLSA Collective.

50.     The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

51.     During the three years preceding the filing of this Complaint, Defendant employed the Named Plaintiff and the FLSA Collective Members.

52.     Named Plaintiff and the FLSA Collective Members were paid on an hourly basis and worked in non-exempt positions.

53.     Named Plaintiff and the FLSA Collective Members regularly worked in excess of 40 hours in workweeks.

54.     Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective Members by, *inter alia*, failing to pay overtime for all hours worked over forty (40) hours in a workweek because of Defendant's companywide policy deducting 30 minutes from its hourly non-exempt maintenance employees' daily hours worked for meal breaks that were not taken or meal breaks that were interrupted by work duties.

55.     Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

56.     Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

57.     The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

58.     As a direct and proximate result of Defendant's conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of himself and the FLSA Collective Members.

**SECOND CAUSE OF ACTION:**
**R.C. 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME**

59.     All of the preceding paragraphs are realleged as if fully rewritten herein.

60.     This claim is brought under Ohio Law.

61.     Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under Ohio Law.

62.     The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

63.     Named Plaintiff and the Ohio Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but were not paid overtime wages for all of such time spent working.

64.     Defendant's companywide policy or practice of  deducting 30 minutes from its hourly non-exempt maintenance employees' daily hours worked for meal breaks that were not taken or meal breaks that were interrupted by work duties impermissibly reduced Named Plaintiff's and the Rule 23 Class Members' compensable hours worked and resulted in unpaid overtime.

65.     Named Plaintiff and the Ohio Rule 23 Class Members were not exempt from the wage protections of the Ohio Wage Act.

66.     Defendant's repeated and knowing failures to pay overtime wages to Named Plaintiff and the Ohio Rule 23 Class members were violations of R.C. §4111.03, and as such, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Ohio Rule 23 Class Members were entitled.

67.     For Defendant's violations of R.C. §4111.03, by which Named Plaintiff and the Ohio Rule 23 Class Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of himself and the Rule 23 Class Members.

### THIRD CAUSE OF ACTION:
### R.C. 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION

68.     All of the preceding paragraphs are realleged as if fully rewritten herein.

69.     Named Plaintiff and the Ohio Rule 23 Class Members were employed by Defendant.

70.     During all relevant times, Defendant was an entity covered by the OPPA and Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

71.     The OPPA requires Defendant to pay Named Plaintiff and the Ohio Rule 23 Class Members all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

72.     During relevant times, Named Plaintiff and the Ohio Rule 23 Class Members were not paid all wages, including overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

73.     Named Plaintiff and the Ohio Rule 23 Class Members unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

74.     In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

<u>**FOURTH CAUSE OF ACTION:**</u>
**RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT**

75.     All of the preceding paragraphs are realleged as if fully rewritten herein.

76.     The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq.*

77.     During times material to this complaint, Defendant was a covered employer, and required to comply with the Ohio Wage Act's mandates.

78.     Named Plaintiff and the Ohio Rule 23 Class Members were covered employees entitled to the protection of the Ohio Wage Act.

79.     During times material to this complaint, Defendant violated the Ohio Wage Act with respect to Named Plaintiff and the Ohio Rule 23 Class Members by failing to properly maintain accurate records of all hours Plaintiff and the Rule 23 Class Members worked each workday and within each workweek.

80.     In violating the Ohio Wage Act, Defendant acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## VII.    PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendant for an Order:

A.      Certifying the proposed FLSA collective action;

B.      Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C.      Certifying the proposed Rule 23 Class under the Ohio Acts;

D.      Finding Defendant failed to keep accurate records in accordance with the Ohio Wage Act, and as such, Named Plaintiff, the FLSA Collective Members and the Ohio Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E.      Awarding to Named Plaintiff and the FLSA Collective Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

F.      Awarding to Named Plaintiff and the Ohio Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the Ohio Wage Act;

G.      Awarding judgment against Defendant for liquidated damages pursuant to the OPPA in the greater amount of $200 per violation or six percent (6%) of all unpaid overtime compensation owed to the Named Plaintiff and the Ohio Rule 23 Class Members during the applicable statutory period;

H.      Awarding Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

I.      Awarding Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class Members such other and further relief as the Court deems just and proper;

J.      Issuing an injunction prohibiting Defendant from engaging in present, ongoing and future violations of the FLSA and the Ohio Wage Act;

K.      Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

L.      Rendering a judgment against Defendant for all damage, relief, or any other recovery whatsoever;

M.      An Order directing Defendant to pay reasonable attorney's fees and all costs connected with this action; and

N.      Such other and further relief as to this Court may deem necessary, just and proper.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
1550 Old Henderson Rd.
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*Attorney for Named Plaintiff and those similarly situated*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman